UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

CHELSEA PULLINS,

    Plaintiff,                                             Case No. 3:19-cv-21

vs.

CONAGRA BRANDS, INC.,             District Judge Thomas M. Rose
                                                         Magistrate Judge Michael J. Newman

    Defendant.

_____

**ORDER GRANTING DEFEENDANT CONAGRA BRANDS, INC.'S MOTION FOR LEAVE TO FILE EXHIBITS UNDER SEAL (DOC. 14)**
_____

This civil case is before the Court on the motion of Defendant Conagra Brands, Inc. to seal certain exhibits it seeks to file in support of its motion for summary judgment. Doc. 14. The exhibits Defendant seeks to file under seal are Plaintiff's medical records. *Id*.

A party maintaining that records should be sealed from public view bears a heavy burden of setting forth specific reasons why the interests in "nondisclosure are compelling, why the interests supporting access are less so, and why the seal itself is no broader than necessary." *Shane Grp. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 306 (6th Cir. 2016); *see also Rudd Equip. Co., Inc. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 593–94 (6th Cir. 2016). Such burden applies even where no "party objects to the motion to seal." *See id*. (stating that "[a] court's obligation to keep its records open for public inspection is not conditioned on an objection from anybody"). Ultimately, courts possess discretion to seal records, *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1177 (6th Cir. 1983), albeit "not . . . the traditional scope of 'narrow review reserved for discretionary decisions based on first-hand observations.'" *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 476 (6th Cir. 1983). In exercising such discretion, courts

must set forth an explanation for permitting the filing of information under seal. *Shane Grp.*, 825 F.3d at 306.

Here, the public has some interest in this case which concerns allegations of disability discrimination and violation of the Family Medical Leave Act ("FMLA"). The public's interest in this case, however, is outweighed by Plaintiff's private interest in the security and privacy of her sensitive medical information. *See Cluck v. Unum Life Ins. Co. of Am.*, No. 2:18-CV-56, 2019 WL 6310058, at *2 (S.D. Ohio Nov. 25, 2019) ("Sealing Plaintiff's medical records and private health information is in accordance with the strong policy of HIPAA and Ohio Revised Code Section 2317.02(B) of protecting patient information").

Accordingly, Defendant's motion for leave to file medical records under seal (doc. 14) is **GRANTED**. The Clerk is **ORDERED** to permit and allow for the filing of such exhibits under seal on the Court's docket.

**IT IS SO ORDERED.**

Date:   March 13, 2020                        s/ Michael J. Newman
                                                                               Michael J. Newman
                                                                               United States Magistrate Judge